IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **REGINA JOHNSON,** individually, and on behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>**COMPASS GROUP USA, CHARTWELLS SCHOOL DINING SERVICES, INC.,** and **COMPASS 2K12 SERVICES, LLC,**<br><br>Defendants. | Case No. |

## COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff **REGINA JOHNSON**, (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through their attorneys, **JTB LAW GROUP, LLC**, hereby brings this Collective and Class Action Complaint against Defendants, **COMPASS GROUP USA, INC., CHARTWELLS SCHOOL DINING SERVICES**, and **COMPASS 2K12 SERVICES LLC,** (hereinafter referred to as "Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action, individually and as a collective action on behalf of all others similarly situated, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. §516, *et seq.*

2. In addition, Plaintiff also brings this action, individually and as a Rule 23 class action on behalf of all others similarly situated Food Service Worker to recover unpaid overtime wages, liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants' violation of the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A.

34:11-56a *et seq*., New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq*., and any other claims that can be inferred from the facts set forth herein.

3. Defendants are in the dining service industry serving food in universities and colleges in the academic community.

4. Defendants employ(ed) Food Service Workers, including Plaintiff, to prepare and serve food and beverages to students in the academic community.

5. Defendants violated the FLSA, NJWHL and NJWPL by suffering and/or permitting Food Service Workers to perform pre-shift and/or post-shift off-the-clock work without pay.

6. Defendants violated the FLSA and NJWHL by suffering and/or permitting Food Service Workers to report 40 or fewer work hours per week even though these employees actually work[ed] over 40 hours and/or by altering their timekeeping entries.

7. Defendants also violated the FLSA, NJWHL and NJWPL by paying the overtime rate at the same rate as the regular rate of pay.

8. As a result, there were many weeks in which Plaintiff worked in excess of forty (40) hours in a workweek without being paid an overtime premium at a rate not less than one and one half (1.5) times of Plaintiff's regular rate of pay.

9. Plaintiff brings this collective action pursuant to the FLSA, 29 U.S.C. § 216(b) of all Food Service Workers employed by Defendants as hourly employees for relief for violation of the FLSA, as a collective action, defined as follows:

> *All Food Service Workers who work(ed) for the Defendants at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

10. Plaintiff seeks to send a notice pursuant to 29 U.S.C. § 216(b) to all Food Service Workers of Defendants permitting them to assert FLSA claims in this collective action by filing

consent forms.

11. Plaintiff asserts her NJWHL claims not only individually, but also on behalf of a putative NJWHL class pursuant to Fed. R. Civ. P. 23, defined as:

> *All Food Service Workers who work(ed) for the Defendants in New Jersey at any time during the period of two (2) years prior to the commencement of this action through the date of judgment.*

12. Plaintiff asserts the NJWPL claims not only individually, but also on behalf of a putative NJWPL class pursuant to Fed. R. Civ. P. 23, defined as:

> *All Food Service Workers who work(ed) for the Defendants in New Jersey at any time during the period of six (6) years prior to the commencement of this action through the date of judgment.*

13. Defendants willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

15. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because they derive from a common nucleus of operative facts as Plaintiff's federal claim.

16. The Court has personal jurisdiction over Defendants because they engage in systematic and continuous contacts with the State of New Jersey by, inter alia, employing individuals to work out of New Jersey, including Plaintiff, and Plaintiff's claims arise out of those contacts.

17. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) and

(c) because Defendants employed Plaintiff in this district and because a substantial portion of the events or omissions that give rise to the Plaintiff's claim occurred in this district.

## PARTIES

### Defendant – Compass Group USA, Inc.,

18. Defendant Compass Group USA, Inc is headquartered in North Carolina with a principal business address located at 2400 Yorkmont Road, Charlotte, NC 28217.

19. Defendant Compass Group USA, Inc is a company in the foodservice management and provides support services to the dining industry.

### Defendant – Chartwells School Dining Services

20. Defendant Chartwells School Dining Services is headquartered in New Hampshire with a principal business address located at 2400 Yorkmont Road, Charlotte, NC 28217.

21. Defendant Chartwells School Dining Services is a company that provides dining services to students.

### Defendant – Compass 2K12 Services, LLC.,

22. Defendant Compass 2K12 Services, LLC is headquartered in New Jersey with a principal business address located at 2400 Yorkmont Road, Charlotte, NC 28217.

### Plaintiff – Regina Johnson

23. Plaintiff Regina Johnson is a resident of East Orange, New Jersey, and signed a consent form to join this lawsuit, which is attached as *Exhibit A*.

24. Defendants employed Plaintiff as a Food Service Worker from approximately September 2013 through the present.

25. Plaintiff's current rate of pay is $9.40 per hour.

26. Plaintiff job duties as a Food Service Worker consist of providing dining services by prepping food and serving students in a school.

## FACTUAL ALLEGATIONS

27. Defendants are Plaintiff's "employer" within the meaning of all applicable statutes within the meaning of 29 U.S.C. § 203(d), N.J.S.A. 34:11-56a1(g) and N.J.S.A. 34:11-4.1a..

28. Plaintiff and other Food Service Workers were "employees" of Defendants within the meaning of New Jersey Statutes Ann. §§ 34:11-4.1(b), N.J.S.A. 34:11-56a1(h) and 29 U.S.C. § 203(e)(1) of the FLSA.

29. Defendants were and continue to be "an enterprise engaged in commerce" within the meaning of the FLSA.

30. Defendants have an annual gross business volume in excess of $500,000.

31. Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

32. Defendants "suffered or permitted" Plaintiff and other Food Service Workers to work and thus "employed" them within the meaning of New Jersey Statutes Ann. §§ 34:11-4.1 and 29 U.S.C. § 203(g) of the FLSA.

33. Defendants provide dining services to universities and colleges in the academic community.

34. Defendants employed Food Service Workers to work in the United States, including New Jersey.

35. At all times, Food Service Workers worked and provided dining services to the academic community.

36. At all times, Food Service Workers were hourly-paid employees who performed duties that are not exempt from the FLSA, NJWHL and NJWPL.

37. Food Service Workers regularly worked over forty (40) hours per week.

38. In workweeks where Plaintiff and other Food Service Workers entered more than forty (40) hours into the company timekeeping system, Defendants' managers would alter the timekeeping entries to eliminate the overtime work.

39. Food Service Workers were pressured to under report their time worked.

40. Food Service Workers were not allowed to clock in before or after their scheduled shifts.

41. Food Service Workers were pressured to clock out at the end of their scheduled shifts and then continue to perform the same job duties off the clock.

42. As a result of Defendants' common unlawful policies, Food Service Workers were not properly compensated straight time for work performed up to 40 hours per week and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week

43. For instance, during the pay period of April 15, 2016 to April 21, 2016, Plaintiff worked over thirty-five (35) hours in a week including time spent performing pre-shift and post-shift work, but Defendants only paid Plaintiff for thirty-five (35) hours at her regular hourly rate, resulting in underpayment of straight time wages.

44. In the workweeks in which Defendants pay Food Service Workers for hours worked in excess of forty (40), they failed to pay them time-and-a-half of their regular rate of pay for all hours worked.

45. For instance, during the pay period of May 6, 2016 to May 12, 2016, Plaintiff

worked over forty (40) hours in a week including time spent performing pre-shift and post-shift work, but Defendants paid Plaintiff an hourly rate of $8.85 for some of her hours worked (including hours in excess of forty (40)), and failed to pay her for other hours, resulting in a deprivation of overtime wages.

46. Defendants failed to properly compensate Food Service Workers their regular rate of pay for all hours and at a rate not less than one and one half (1.5) times of their regular rate of pay for overtime in excess of forty (40) hours in a workweek as required under the FLSA, NJWHL, and NJWPL.

47. Food Service Workers have been subjected to the common unlawful policies and practices of Defendants as stated herein that violated the FLSA, NJWHL and NJWPL.

48. Defendants have maintained control, oversight, and day-to-day supervision over Plaintiff's and all other Food Service Workers' work schedules, assignments, duties, and employment conditions including the promulgation and enforcement of policies affecting the payment of their overtime compensation.

49. Defendants failed to take reasonable steps to determine whether its pay practices were compliant with the FLSA, NJWHL, and NJWPL.

50. In addition, Defendants failed to keep accurate records of total number of hours actually worked by employees each workweek and thus Food Service Workers were not properly paid for all hours worked.

51. The FLSA requires employers to maintain records of all hours worked and wages paid to employees. 29 U.S.C.A. § 211(c). The NJWHL and NJWPL have similar requirements in its record-keeping provision. *Adami v. Cardo Windows, Inc.*, CIV. 12-2804 at *4 (D.N.J. July 23, 2013).

52. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments or bureau.

53. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiff proper overtime compensation. As set forth herein, other prior and current Food Service Workers were subjected to the same wrongful policies, practices, and/or procedures.

## COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff re-alleges and incorporates all previous paragraphs herein.

55. Plaintiff asserts the foregoing violations not only individually, but collectively pursuant to 29 U.S.C. 216(b) on behalf of the "FLSA Collective," defined as:

> *All Food Service Workers who worked for the Defendants at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

56. FLSA Collective timekeeping entries where altered and deleted by Defendants' manager when they entered more than forty (40) hours into the company timekeeping system to eliminate the overtime work.

57. FLSA Collective are paid a regular rate of pay for hours worked including hours worked in excess of forty (40) hours.

58. As a result of the foregoing policies, there were many weeks in which Defendants

failed to compensate members of the FLSA Collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek as required by the FLSA.

59. Plaintiff brings this Collective Action against Defendants to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

60. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

61. The Collective Action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

62. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to the putative members of the FLSA Collective permitting them to assert FLSA claims in this Collective Action by filing their individual consent forms.

63. The precise number and identities of Collective members should be readily available from a review of Defendants' personnel and payroll records.

64. Defendants are aware that the FLSA applies to their business and they are required to adhere to the rules under the FLSA.

65. Defendants' conduct and practices, described herein, were and are willful, intentional, unreasonably, arbitrary, and in bad faith.

## RULE 23 NEW JERSEY CLASS ACTION ALLEGATIONS

66. Plaintiff re-alleges and incorporates all previous paragraphs herein.

67. Plaintiff seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for an on behalf the class defined below, based on Defendants' common policies and practices which include failure to properly pay for all hours worked resulting in a deprivation of overtime time wages, in violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*

68. Plaintiff brings this Rule 23 class action as to the NJWHL claims on behalf of:

> *All Food Service Workers who work(ed) for the Defendants in New Jersey at any time during the period of two (2) years prior to the commencement of this action through the date of judgment.*

69. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for an on behalf the class defined below, based on Defendants' common policies and practices which include failure to properly pay for all hours worked resulting in underpayment of straight time wages, in violation of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq*.

70. Plaintiff brings this Rule 23 class action as to the NJWPL claims on behalf of::

> *All Food Service Workers who work(ed) for the Defendants in New Jersey at any time during the period of six (6) years prior to the commencement of this action through the date of judgment.*

71. The members of the Rule 23 class are so numerous that joinder of all Class members in this case would be impractical. Plaintiff reasonably estimates that there are at least fifty (50) Class members. Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

72. There is a well-defined community of interest among Class members and

common questions of law and fact predominate in this action over any questions affecting each individual Class member. These common legal and factual questions, include, but are not limited to, whether Class members were properly compensated for all their hours at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek.

73. Plaintiff's claims are typical of those of the Class members in that they and all other Class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to compensate members of the Class for time at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek as required by the FLSA. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

74. Plaintiff is employed by Defendants in the same capacity as all of the Class members. All Class members are/were treated the same or similarly by management with respect to pay or lack thereof. Thus, there are common questions of law and fact which are applicable to each and every one of the Class members.

75. Plaintiff will fully and adequately protect the interests of the Class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the Class members.

76. Defendants' corporate-wide policies and practices affected all Class members

similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff's claim arises from the same legal theories as all other Class members. Therefore, this case will be more manageable and efficient as a Class action. Plaintiff and his counsel know of no unusual difficulties in this case.

## COUNT I
### (29 U.S.C. § 216(b) Collective Action)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

77. Plaintiff re-alleges and incorporates all previous paragraphs herein.

78. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

79. Plaintiff and other Food Service Workers regularly worked in excess of forty (40) hours per workweek.

80. Defendants violated its statutory obligations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* to pay Plaintiff and other Food Service Workers overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per workweek as required by the FLSA.

81. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

82. Defendants have an obligation under the FLSA to maintain accurate records of time worked by employees.

83. Defendants failed to maintain accurate time records of all hours worked by Plaintiff, and other similarly situated employees, and in fact intentionally created and/or knowingly maintained, inaccurate time records.

84. Defendants' failure to pay Food Service Workers overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

85. As a result of Defendants' uniform policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of proper overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

86. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation pursuant to 29 U.S.C. § 255(a).

87. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## COUNT II
### (29 U.S.C. § 216(b) Individual Claim)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

88. Plaintiff re-alleges and incorporates all previous paragraphs herein.

89. Plaintiff regularly worked in excess of forty (40) hours per workweek.

90. Defendants failed to compensate Plaintiff for overtime hours at a rate of not less than one and one half (1.5) times of their regular rate of pay for all hours worked in excess of forty (40) per workweek, as required by the FLSA.

91. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

92. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

93. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT III
### (Fed R. Civ. P. 23 Class Action)
### Violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq.
### FAILURE TO PAY OVERTIME

94. Plaintiff re-alleges and incorporates all previous paragraphs herein.

95. N.J.S.A. § 34:11-56a4 provides "every employer shall pay to each of his employees' wages at a rate of not less…. … … 1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week."

96. Plaintiff and Rule 23 class members regularly worked over forty (40) hours a week as required by Defendants.

97. Defendants failed to properly compensate Plaintiff and the Rule 23 class members for overtime hours at a rate of not less than one and one half (1.5) times of their regular rate of pay for all hours worked in excess of forty (40) per workweek, as required by the NJWHL.

98. Plaintiff and the Rule 23 class members are entitled to their overtime wages pursuant to New Jersey's wage and hour laws, N.J.S.A. 34:11-56a4.

99. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

100. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

**COUNT IV**
**(Individual Claim)**
<u>**Violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a,** *et seq.*</u>
<u>**FAILURE TO PAY OVERTIME**</u>

101. Plaintiff re-alleges and incorporates all previous paragraphs herein.

102. Plaintiff regularly worked more than forty (40) hours per week for Defendants and failed to received overtime pay at a rate of less than one and one-half (1.5) times her regular rate of pay for all hours worked in excess of forty (40) per workweek as required by the NJWHL.

103. The NJWHL requires employers to pay overtime compensation at the rate of one and one-half times each employee's regular hourly rate for all hours worked in excess of forty (40) hours in any given work week.

104. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

105. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to NJWHL.

**COUNT V**
**(Fed R. Civ. P. 23 Class Action Claims)**
<u>**Violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1,** *et seq.*</u>
<u>**FAILURE TO PAY STRAIGHT TIME WAGES**</u>

106. Plaintiff re-alleges and incorporates all previous paragraphs herein.

107. Defendants failed to properly compensate Plaintiff and the Rule 23 class members for all hours worked as alleged herein.

108. Defendants failed to properly compensate Plaintiff and the Rule 23 class members' straight time wages for work performed up to 40 hours per week.

109. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

110. As a result of Defendants' uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of straight time wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre and post-judgment interest and other compensation pursuant to N.J.S.A. 34:11-4.1, *et seq.*

## COUNT VI
### (Individual Claims)
### Violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.*
### FAILURE TO PAY STRAIGHT TIME WAGES

111. Plaintiff re-alleges and incorporates all previous paragraphs herein.

112. Defendants failed to properly compensate Plaintiff for all hours worked as alleged herein.

113. Defendants failed to properly compensate Plaintiff straight time wages for work performed up to 40 hours per week.

114. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

115. As a result of Defendants' uniform and common policies and practices described above, Plaintiff was illegally deprived of straight time wages earned, in such amounts to be

determined at trial, and is entitled to recovery of such total unpaid amounts, pre and post-judgment interest and other compensation pursuant to N.J.S.A. 34:11-4.1, *et seq.*

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendants:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a *et seq.*, and New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.*;

(C) An Order for injunctive relief ordering Defendants to comply with the FLSA, NJWHL, and NJWPL and end all of the illegal wage practices alleged herein;

(D) An Order certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) An Order certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the NJWHL and NJWPL claims set forth herein;

(F) Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all putative FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all putative FLSA Collective and Rule 23 class members, including the publishing of notice in a manner

that is reasonably calculated to apprise the FLSA Collective and Rule 23 class members of their rights by law to join and participate in this lawsuit;

(H) Designating Lead Plaintiff as the representative of the FLSA Collective members and Rule 23 class members in this action;

(I) Designating the undersigned counsel as counsel for the FLSA Collective members and Rule 23 class members in this action;

(J) Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the FLSA Collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K) Judgment for damages for all unpaid overtime compensation and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the NJWHL, N.J.S.A. 34:11-56a et seq.;

(L) Judgment for damages for all unpaid straight time wages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the NJWPL, N.J.S.A. 34:11-4.1 et seq.;

(M) An incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective and Rule 23 class members in this action;

(N) Declaring Defendants willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

(O) Declaring Defendants violated and that said violations were intentional, willfully oppressive, fraudulent and malicious;

(P) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, NJWHL and NJWPL;

(Q) Judgment for any and all civil penalties to which Plaintiff and the FLSA Collective and Rule 23 class members may be entitled; and

(R) Awarding such other and further relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff, Regina Johnson, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated: September 12, 2018    By:    /s/ *Nicholas R. Conlon*
Nicholas R. Conlon
Jason T. Brown
**JTB LAW GROUP, LLC**
155 2nd St., Suite 4
Jersey City, NJ 07302
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com
jtb@jtblawgroup.com

*Counsel for Plaintiff*