## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

REGINA JOHNSON, individually, and
on behalf of others similarly situated,

      Plaintiff,

        v.

COMPASS GROUP USA, INC.,
CHARTWELLS SCHOOL DINING
SERVICES, INC., COMPASS 2K12
SERVICES, LLC

      Defendants.

Case No. 18-CV-13830 (CCC)(JBC)

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## THEIR PARTIAL MOTION TO DISMISS

Dated: November 19, 2018

Brian J. Gershengorn
FISHER & PHILLIPS LLP
620 Eighth Avenue
36th Floor
New York, NY 10018
(212) 899-9960
*Attorneys for Defendants*

Motion date:  December 17, 2018

# **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

TABLE OF AUTHORITIES ........................................................................ ii

<u>I.</u> PRELIMINARY STATEMENT ..........................................................1

<u>II.</u> STATEMENT OF UNDISPUTED MATERIAL FACTS ...................................3

<u>III.</u> LEGAL ARGUMENT....................................................................7

    <u>A.</u> Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard...............................7

    <u>B.</u> Plaintiff's NJWPL Claims Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Due to Plaintiff's Failure to Plead the Existence of a Contractual Basis for the Wages Allegedly Due or Owed.......................8

    <u>C.</u> Plaintiff's NJWPL Claims Should be Dismissed Because they are Preempted by the LMRA.........................................................13

IV.  CONCLUSION...............................................................18

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                          **Page**

*Arrington v. Terrace*,
  2016 WL 5899925 (E.D. Pa. Oct. 7, 2016) ......................................13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................8

*Atis v. Freedom Mortg. Corp.*,
  2016 WL 7440465 (D.N.J. Dec. 27, 2016)..........................................9

*Barvinchak v. Indiana Regional Medical Center*,
  2007 WL 2903911 (W.D. Pa. Sept. 28, 2007)....................................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................8

*Berrada v. Cohen*,
  2018 WL 4629569 (D.N.J. Sep. 27, 2018) ...................................8, 11

*Hargrove v. Sleepy's, LLC*,
  106 A.3d 449 (2015)..............................................................8, 9

*Hughes v. United Parcel Service, Inc.*,
  2015 WL 1021312 (Mar. 6, 2015), *aff'd,* 639 F. App'x 99
  (3d Cir. 2016).................................................................13, 17

*Johnson v. Langer Transport Corp.*,
  2015 WL 2254671 (D.N.J. May 13, 2015)....................................14, 15

*Lynn v. Jefferson Health Sys.*,
  2010 WL 3656634 (E.D. Pa. Sept. 15, 2010)...................................17

*Meyers v. Heffernan*,
  2014 WL 3343803 (D.N.J. July 7, 2014) .........................................9

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
  998 F.2d 1192 (3d Cir. 1993) ....................................................3

*Rosario v. First Student Management LLC*,
  2016 WL 4367019 (E.D. Pa. Aug. 16, 2016) ....................................12

*Rosario v. First Student Management LLC,*
    247 F. Supp. 3d 560 (E.D. Pa. 2017) ............................................................3, 17

*Snyder v. Dietz & Watson, Inc.,*
    837 F. Supp. 2d 428 (D.N.J. 2011) ............................................................*passim*

*Thompson v. Real Estate Mortg. Network, Inc.,*
    106 F. Supp. 3d 486 (D.N.J. 2015) ......................................................................9

*Vadino v. A. Valey Engineers,*
    903 F.2d 253 (3d Cir. 1990) ......................................................................16, 18

*Vasil v. Dunham's Athleisure Corp.,*
    2015 WL 1296063 (W.D. Pa. Mar. 23, 2015) ....................................................13

*Wheeler v. Graco Trucking Corp.,*
    985 F.2d 108 (3d Cir. 1993) ............................................................................17

*Winslow v. Corporate Express, Inc.,*
    364 N.J. Super. 128 (App. Div. 2003) ................................................................9

## Statutes

Fair Labor Standards Act .................................................................................*passim*

Section 301 of the Labor Management Relations Act .....................................*passim*

New Jersey Wage and Hour Law......................................................................*passim*

New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.2 ..................................*passim*

Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.3................*passim*

## Rules

Fed. R. Civ. P. 23 .........................................................................................4, 5

Fed. R. Civ. P. 12(b)(6)..................................................................................*passim*

# I.     **PRELIMINARY STATEMENT**

Defendants Compass Group USA, Inc., Chartwells School Dining Services, Inc., and Compass 2K12 Services, LLC (collectively, "Defendants") respectfully submit this Memorandum of Law in support of their Partial Motion to Dismiss, seeking that the Court dismiss with prejudice Plaintiff Regina Johnson's ("Plaintiff") New Jersey Wage Payment Law ("NJWPL") claims (*see* Dkt. 1 ("Complaint") Counts V and VI). Plaintiff's NJWPL claims seek unpaid straight-time wages at an alleged rate of pay for alleged "off-the-clock" work. However, the NJWPL does not provide an independent basis for unpaid straight-time wages at a certain rate,[1] but instead requires Plaintiff to plead the existence of some operative contractual basis upon which she can claim that unpaid straight-time wages are due or owed to her. Plaintiff's Complaint, though, is utterly devoid of any such pleaded facts. Instead, Plaintiff simply alleges, in conclusory fashion, that her current rate of pay is $9.40 per hour, without alleging any contractual basis for such allegation, which is insufficient to state a claim for an NJWPL violation. Therefore, Plaintiff's Complaint fails to state a claim upon which relief under the NJWPL can be granted,

---

[1] To the extent Plaintiff seeks unpaid overtime, she has brought those claims under the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law ("NJWHL"). (*See* Complaint Counts I, II (FLSA claims for "Failure to Pay Overtime") and Counts III, IV (NJWHL claims for "Failure to Pay Overtime".)

and Plaintiff's NJWPL claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Moreover, to the extent there is a contractual basis for Plaintiff's allegations of unpaid straight-time wages under the NJWPL, it arises from the collective bargaining agreement in place at Plaintiff's workplace (the "CBA") – the Orange, New Jersey School District – and thus Plaintiff's NJWPL claims (to the extent she can even set forth an actionable claim, which she cannot based on her current Complaint) are preempted by Section 301 of the Labor Management Relations Act ("LMRA").  A state law claim, such as Plaintiff's NJWPL claims, is preempted by Section 301 of the LMRA if the claim is founded directly on rights created by a collective bargaining agreement.  Here, despite Plaintiff attempting to hide the ball as to the presence of the CBA by not referencing it in the Complaint, all of the terms and conditions of Plaintiff's employment are governed by it, including, but not limited to: (1) her rate of pay, and what rate of pay applies to certain work; (2) wage increases; (3) call-in pay; (4) scheduling, including paid breaks; and (5) hours worked.  Therefore, Plaintiff's NJWPL claims for unpaid straight-time wages are founded directly on rights created by the CBA, and should be dismissed because they are preempted by Section 301 of the LMRA.

Accordingly, Defendants respectfully request that the Court dismiss Plaintiff's NJWPL claims with prejudice.

## II.  <u>STATEMENT OF UNDISPUTED FACTS</u>[2]

Plaintiff is currently employed as a Food Service Worker by Defendants, and her "job duties as a Food Service Worker consist of providing dining services by prepping food and serving students in a school." (Complaint ¶¶ 24, 26.) The "school" referenced by Plaintiff in her Complaint at which she works for Defendants

---

[2] For purposes of this Partial Motion to Dismiss, Defendants reference the relevant factual allegations asserted by Plaintiff in her Complaint (although Defendants deny many of Plaintiff's allegations in her Complaint, and expressly reserve the right to file an Answer upon resolution of the instant motion). In addition, Defendants reference the Collective Bargaining Agreement between Defendant Chartwells School Dining Services (a division of Defendant Compass Group USA, Inc.) and SEIU Local 32BJ (the "CBA"). The CBA governs Plaintiff's terms and conditions of employment for Defendants at the Orange, New Jersey School District, where she works for Defendants. (*See* Declaration of Todd Barth ("Barth Decl.") ¶¶ 2, 3, Exs. A, B.) Although Plaintiff did not attach the CBA to her Complaint, the "failure of a plaintiff to attach or cite documents in the complaint does not preclude a court from reviewing the text of extrinsic documents" on a motion to dismiss. *Rowe v. Morgan Stanley Dean* Witter, 191 F.R.D. 398, 405 (D.N.J. 1999). The Court "may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Here, Plaintiff's claims for unpaid straight-time wages at an alleged rate of pay are undoubtedly based on the CBA, which governs Plaintiff's terms and conditions of employment (including her wage rate), and the Court should therefore consider the CBA in the instant motion. *See Rosario v. First Student Management LLC*, 247 F. Supp. 3d 560, 568 n.10 (E.D. Pa. 2017) (hereinafter "*Rosario II*") (considering collective bargaining agreement attached to defendant's motion to dismiss plaintiff's Pennsylvania Wage Payment and Collection Law claim for unpaid straight-time wages at collective bargaining agreement-mandated rate of pay based on LMRA preemption); *Snyder v. Dietz & Watson, Inc.*, 837 F. Supp. 2d 428, 436-37, 440-41 (D.N.J. 2011) (considering collective bargaining agreement attached to defendant's motion to dismiss plaintiff's breach of contract claim for unpaid straight-time wages at collective bargaining agreement-mandated rate of pay based on LMRA preemption).

is the Orange, New Jersey School District (the "Orange School District").  (*See* Barth Decl. ¶ 2.)  The terms and conditions of employment for the Food Service Workers employed by Defendants working at the Orange School District, including Plaintiff, are governed by the CBA.  (*See id.* ¶ 3, Exs. A, B.)  The current CBA has effective dates of October 1, 2016 through September 30, 2020 (the "2016 CBA"), and replaced the predecessor CBA, which was in effect from December 23, 2013 through December 22, 2016 (the "2013 CBA").  (*See id.* Exs. A, B.)

On September 12, 2018, Plaintiff commenced this action against Defendants, alleging that Defendants violated: (1) the Fair Labor Standards Act ("FLSA") by failing to properly pay overtime (Counts I, II); the New Jersey Wage and Hour Law ("NJWHL") by failing to properly pay overtime (Counts III, IV); and (3) the New Jersey Wage Payment Law ("NJWPL") by failing to properly compensate Plaintiff for straight-time wages at a certain rate of pay (currently $9.40/hour) (Complaint ¶ 25, Counts V, VI).  For purposes of this Partial Motion to Dismiss, the only claim at issue is Plaintiff's NJWPL claim.[3]

---

[3] Plaintiff brought each claim both on an individual basis and in a representative capacity, either as a putative collective action (FLSA claim) or as a Fed. R. Civ. P. Rule 23 class action (NJWHL and NJWPL claims).  Defendants seek to dismiss Plaintiff's NJWPL claims brought both on an individual basis (Count V) and as a Rule 23 class action (Count VI).

Although Plaintiff's factual allegations in her Complaint regarding her NJWPL claim are vague, it appears that Plaintiff is alleging that she is entitled to receive a certain rate of pay for all the straight-time (non-overtime) hours she worked, which she allegedly did not properly receive. For instance, Plaintiff alleges: (1) that her "current rate of pay is $9.40 per hour" (Complaint ¶ 25); (2) that she worked before clocking in and clocking out and was pressured to under report her time worked (Complaint ¶¶ 39-40); and (3) as a result, her weekly compensation did not accurately reflect the number of hours she worked at her proper wage rate (Complaint ¶ 42). Plaintiff provided one example, alleging that during the week of April 15, 2016 through April 21, 2016, she worked more than thirty-five (35) hours but was only paid for thirty-five (35) hours "at her regular hourly rate, resulting in an underpayment of straight time wages." (Complaint ¶ 43.)

Although Plaintiff alleges that her "current rate of pay is $9.40 per hour," Plaintiff does not actually allege on what basis she is entitled to currently receive $9.40 per hour (or some other wage rate prior to her current wage rate going into effect). However, Plaintiff's wage rate is governed by the CBA. (*See* Barth Decl. ¶ 3, Exs. A, B.) Article 23 of the 2013 CBA provides for minimum wage rates for the job classifications in the Orange School District, including Food Service Worker, as well as wage increases to go into effect on October 1 of 2013, 2014, and 2015. (*See id*. Ex. B.) Article 23 and the Orange School District Rider of the 2016 CBA

5

similarly provide for minimum wage rates and wage increases (to go into effect October 1 of 2016, 2017, 2018, and 2019).  (*See id.* Ex. A.)  These provisions of the CBA also provide the terms by which employees would get paid during straight-time hours for working in a higher or lower classification, or for training or meetings mandated by Defendants.  (*See id.* Exs. A, B.)  In addition, the CBA provides for "call-in pay," guaranteeing employees a certain number of straight-time hours of pay for arriving for their shift, regardless of how many hours they work.  (*See id.* Ex. A Article 31, Ex. B Article 24.)  Article 24 and the Orange School District Rider of the 2016 CBA also contain a provision for employees to work "special functions," and set the straight-time rate for that type of work.  (*See id.* Ex. A.)  Accordingly, Plaintiff's basis for her alleged unpaid straight-time wages appears to be clearly governed by the agreement between Defendants and SEIU 32BJ, as memorialized in the CBA.

In addition to wages, the CBA addresses virtually every aspect of the terms and conditions of Plaintiff's employment with Defendants at the Orange School District, including, but not limited to: (1) scheduling, hours of work, and paid break times (Article 27 in the 2016 CBA and Article 21 in the 2013 CBA); (2) changes in schedules and/or hours worked (Article 32 in the 2016 CBA and Article 22 in the 2013 CBA); (3) seniority (which affects scheduling and work hours) (Article 11 in the 2016 CBA and Article 13 in the 2013 CBA); and (4) defining what is bargaining

unit work covered by the CBA, and thus subject to the rates provided for in the CBA (Articles 1, 2, and 17 in the 2016 CBA and Articles 1, 2, and 8 in the 2013 CBA). (*Id.* Exs. A, B.)

Moreover, the 2016 CBA contains a grievance and arbitration provision, which defines the term "grievance" as "any alleged violation, misinterpretation, or misapplication of this Agreement," and states that the grievance and arbitration procedure and the authority of any arbitrator "shall be the sole and exclusive method for determination of all such issues and grievances."   (*Id.* Ex. A Article 6.)  The 2013 CBA contains a similar grievance and arbitration provision, which defines the term "grievance" as "any dispute arising out of the expressed terms or conditions contained within this Agreement," and requires that "[a]ll grievances [to] be processed in" accordance with the grievance and arbitration procedure in the CBA. (*See id.* Ex. B Article 20.)  Accordingly, the CBA is clear that any dispute Plaintiff had or has in regards to allegedly failing to receive her CBA-mandated wages for the hours she alleges she is owed them must be submitted to the grievance or arbitration procedure set forth in the CBA.

## III.   LEGAL ARGUMENT

### A.   Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Under this "plausibility" standard, a "plaintiff's obligation to provide the grounds of h[er] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557).   Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully…[and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

## B.   Plaintiff's NJWPL Claims Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Due to Plaintiff's Failure to Plead the Existence of a Contractual Basis for the Wages Allegedly Due or Owed

The NJWPL is "designed to protect an employee's wages and to assure timely and predictable payment." *Berrada v. Cohen*, 2018 WL 4629569, *6 (D.N.J. Sep. 27, 2018) (citing *Hargrove v. Sleepy's, LLC*, 106 A.3d 449, 463 (2015)).   The NJWPL may confer "a private right of action by an employee against an employer for wages where an agreement is made to pay such compensation *other* than as

provided" for by law.[4]  *Meyers v. Heffernan*, 2014 WL 3343803, at *6 (D.N.J. July 7, 2014) (emphasis in original).  As the Court in *Meyers* reasoned, violations of the NJWPL for an employer allegedly failing to pay wages due are "analogous to breach of contract" claims.  *Id.*

Therefore, in order to set forth a claim for a violation of the NJWPL, Plaintiff must plead the existence of some operative contractual basis on which she can claim the unpaid straight-time wages she alleges are due or owed to her.  *See id.*; *Hargrove*, 106 A.3d at 457 (listing violations of NJWPL, which requires that a certain "payment of wages [be] *due* to [the] employee[.]") (emphasis added); *Winslow v. Corporate Express, Inc.*, 364 N.J. Super. 128, 136 (App. Div. 2003) (discussing that

---

[4] Defendants note the difference between an NJWHL and/or FLSA claim for unpaid minimum wage and/or overtime and an NJWPL claim for unpaid earned wages.  The FLSA and its state-law parallel – the NJWHL – provide a private right of action for an employee who claims he or she is not properly being paid *minimum wage* or *overtime* at 1.5 times the regular rate.  *See Hargrove*, 106 A.3d at 457-58 (discussing differences between NJWHL and NJWPL); *Thompson v. Real Estate Mortg. Network, Inc.*, 106 F. Supp. 3d 486, 490 (D.N.J. 2015) ("New Jersey Courts have repeatedly emphasized that the NJWHL is to be construed broadly, and that it was purposely drafted in parallel with the FLSA."). The FLSA and NJWHL do not provide a cause of action for straight-time hours at a rate above minimum wage, and the NJWPL does not provide a cause of action for minimum wage or overtime violations.  *See id.*; *Atis v. Freedom Mortg. Corp.*, 2016 WL 7440465, at * (D.N.J. Dec. 27, 2016) ("Reading the plain language of the NJWPL, the Court finds that the statute does not support a claim for unpaid overtime wages…Courts in this District have generally held that claims for overtime should be brought under the NJWHL and not the NJWPL.").

violation of NJWPL claim may result from breach of "an 'agreement' between the employer and its employee."). In the absence of such operative contractual basis for the alleged underpayment of wages, Plaintiff cannot assert a basis that any wages are actually due or owed to her in violation of the NJWPL, and Plaintiff's NJWPL claim must necessarily fail.

Here, Plaintiff fails to allege facts that could plausibly lead to the conclusion that there is a contractual basis for Plaintiff being due or owed $9.40 per hour, and that she did not receive that amount. In fact, the Complaint is utterly silent as to any contractual basis for wages due or owed.[5] Instead, Plaintiff simply alleges in conclusory fashion that her "current rate of pay is $9.40 per hour,"[6] and that Defendants violated the NJWPL by failing "to properly compensate Plaintiff for all hours worked," and by failing "to properly compensate Plaintiff straight time wages for work performed up to 40 hours per week." (*See* Complaint ¶¶ 25, 112, 113.) Accordingly, absent an alleged contractual basis requiring Defendants to pay

---

[5] Although, as discussed in Section II, *supra*, the CBA provides a contractual basis for Plaintiff earning a certain wage rate, Plaintiff fails to mention the CBA in her Complaint. Moreover, as discussed in Section II.C, *infra*, to the extent the CBA could set forth an operative contractual basis for her NJWPL claims, the NJWPL claims should still be dismissed because they are preempted by the LMRA.

[6] Plaintiff's reference to a "current" rate of pay presumably means that Plaintiff's rate of pay was not always $9.40 an hour, but Plaintiff does not even allege what her other wage rates were for the entirety of the relevant period.

10

Plaintiff the compensation that she seeks, Plaintiff's NJWPL claims fail as a matter of law.

While there is a dearth of case law regarding these types of NJWPL claims, *Berrada v. Cohen*, 2018 WL 4629569, is instructive. In *Berrada*, plaintiff alleged that he and the defendants had entered into a contract that would pay him a salary of $120,000 per year, and that the defendants violated the NJWPL by failing to pay him the annual salary in breach of the agreement. *See* i*d* at *6. In granting defendants' motion for summary judgment as to the NJWPL claim, the Court found that because there was no evidence in the record that "the parties consummated the 2014 contract," Plaintiff's NJWPL claim failed as a matter of law. *Id*. The Court's rationale in *Berrada* applies equally to the instant case at the motion to dismiss stage, as Plaintiff has failed to even allege that she and Defendants ever "consummated" any contract or agreement that required Defendants to pay Plaintiff $9.40 per hour. *See* i*d*.

Moreover, the case law surrounding Pennsylvania's Wage Payment and Collection Law ("WPCL") is also instructive as to the issue here. The WPCL, which is worded nearly identically to and serves a similar purpose as the NJWPL,[7]

---

[7] *Compare* WPCL, 43 P.S. § 260.3 (stating that "[e]very employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer.") *with* NJWPL, N.J.S.A. 34:11-4.2 (stating that "every employer shall pay the full amount of wages due to

"provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." *Rosario v. First Student Management LLC*, 2016 WL 4367019, at *7 (E.D. Pa. Aug. 16, 2016) ("*Rosario I*"). In fact, *Rosario I* addresses a nearly identical scenario as the instant case. In *Rosario I*, plaintiffs alleged that defendants failed to compensate them for allegedly "off-the-clock" hours worked in violation of the WPCL, but "failed to allege any contractual right to earned wages...." *Id.* at *8. Plaintiffs instead argued that they were "entitled to earned wages under the WPCL on the basis of an 'employment relationship.'" *Id.* The Court rejected this argument, stating that the "plaintiff's must set forth more than the mere existence of an employer relationship in order to establish a plausible claim for relief under the WPCL" – either a "formal written employment contract" or "at the very least an implied oral contract to support their WPCL claims."[8] *Id.* Other courts

---

his employees at least twice during each calendar month, on regular paydays designated in advance by the employer.")

[8] The entirety of the procedural history in the *Rosario* case makes it even more applicable to the instant case because, in response to the Court granting the defendants' motion to dismiss in *Rosario I*, plaintiffs amended their complaint to rely on the terms of a collective bargaining as the contractual basis for their WPCL claim. As discussed in Section III.C, *infra*, the Court in *Rosario II* then granted defendants' second motion to dismiss because the fact that plaintiffs' WPCL claim was based on the terms of a collective bargaining agreement, resulted in the claim being preempted by the LMRA. As discussed in Section III.C, *infra*, and just as in *Rosario*, because Plaintiff's NJWPL claims are based on the terms of the CBA, Plaintiff's NJWPL claims – to the extent she could even set forth actionable claims – are preempted by the LMRA.

analyzing the WPCL have unanimously ruled the same way.[9]  Just as under the nearly identical WPCL, Plaintiff here fails to allege *any* contractual right to earned wages, and, therefore, she fails to plausibly set forth a claim under the NJWPL.

## C.   Plaintiff's NJWPL Claims Should be Dismissed Because they are Preempted by the LMRA

To the extent Plaintiff could set forth actionable NJWPL claims (which she has not done in the current Complaint), as discussed in Section II, *supra*, the contractual basis for any alleged unpaid straight-time wages arises from the CBA. As a result, the Court should dismiss Plaintiff's NJWPL claims with prejudice[10]

---

[9] *See, e.g. Arrington v. Terrace*, 2016 WL 5899925, at * (E.D. Pa. Oct. 7, 2016) (dismissing plaintiff's allegations that certain wages "were due and owed…for time worked" because plaintiff did "not allege that these payments were due under an employment contract (either written or implied), or under a collective bargaining agreement."); *Vasil v. Dunham's Athleisure Corp.*, 2015 WL 1296063, at *5 (W.D. Pa. Mar. 23, 2015) ("Plaintiff's failure to allege a contractually based entitlement to the disputed wages is fatal to his WPCL claim."); *Barvinchak v. Indiana Regional Medical Center*, 2007 WL 2903911, at *11 (W.D. Pa. Sept. 28, 2007) ("Plaintiff's Amended Complaint fails to sufficiently allege that any contract, express or implied, existed between the parties as necessary to assert a claim for wages under the WPCL.")

[10] Plaintiff's Complaint should be dismissed with prejudice because amending the Complaint would be futile.  *See Hughes v. United Parcel Service, Inc.*, 2015 WL 1021312, at *6 (Mar. 6, 2015), *aff'd*, 639 F. App'x 99 (3d Cir. 2016) ("[A] court may deny leave to amend where the amendment would be a futility.") *citing In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  Plaintiff cannot allege any facts where her NJWPL claims would not based on the CBA.  *See Hughes*, 2015 WL 1021312, at *6 (dismissing plaintiff's claims for unpaid wages under the WPCL with prejudice based on LMRA preemption because "[p]laintiffs

because they are preempted by Section 301 of the LMRA, 29 U.S.C. § 301, and Plaintiff has failed to exhaust her administrative remedies.   Section 301 of the LMRA provides "for federal jurisdiction over disputes regarding collective bargaining agreements."[11]  *Snyder*, 837 F Supp. 2d at 437.  Because Section 301 of the LMRA "requires the creation of uniform federal labor law to ensure uniform interpretation of collective bargaining agreements…, 'if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law…is preempted' by federal labor law."  Id. at 437-38 *quoting Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 406 (1988).  In other words, "'when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract,' the claim is preempted by § 301 and must be decided pursuant to federal labor contract law." *Snyder*, 837 F. Supp. 2d at 438 *quoting Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *see also Johnson v. Langer Transport Corp.*, 2015 WL 2254671, at *5 (D.N.J. May 13, 2015) ("A state-law claim is preempted by § 301 if the claim

---

have not offered anything to suggest that granting them leave to amend would be anything other than a futility.")

[11] The statute states, in relevant part:  "Suits for violation of contracts between an employer and a labor organization representing employees…may be brought in any district court of the United States having jurisdiction of the parties…."  29 U.S.C. § 301(a).

is (1) founded directly on rights created by collective-bargaining agreements or (2) substantially dependent on analysis of a collective bargaining agreement.").

Here, Plaintiff alleges that she was not paid her rightful wage of $9.40 per hour for all her straight-time hours worked in violation of the NJWPL.  (*See* Complaint ¶¶ 25, 112, 113.) Although Plaintiff fails to allege the contractual basis for this alleged wage rate, Plaintiff's wage rate, and other relevant terms and conditions of her employment (such as scheduling, break time, call-in pay, the applicable wage rate for certain work), are governed by the CBA.  Therefore, Plaintiff's NJWPL claim that she did not receive straight-time wages allegedly due or owed to her is essentially one for breach of the CBA.  *See Snyder*, 837 F. Supp. 2d at 440-41 (plaintiff alleged that defendant "contracted with him to compensate him a set amount of wages for his work," and since "the CBA expressly addresses wages…, the Court concludes that the breach of contract claim is predicated on an alleged breach of the CBA.")

It thus follows that Plaintiff's allegations, which are essentially "that various provisions of the CBA require Defendant[s] to pay Plaintiff certain wages and that Defendant[s] failed to pay him for certain regular…hours worked[,]…are founded directly on rights created by the CBA, specifically Plaintiff's right to be paid in accordance with the CBA's provisions."  *Johnson*, 2015 WL 2254671, at *5. Because Plaintiff's NJWPL claims are founded directly on rights created by the

CBA, they are preempted by Section 301 of the LMRA and must be dismissed. *See id.* ("A state-law claim is preempted by § 301 if the claim is…founded directly on rights created by collective-bargaining agreements"); *see also Vadino v. A. Valey Engineers*, 903 F.2d 253, 264-67 (3d Cir. 1990) (plaintiff's FLSA claim based on allegation that he should have received certain collective bargaining agreement-mandated wage dismissed as preempted by Section 301 of the LMRA); *Snyder*, 837 F. Supp. 2d at 440-41 (plaintiff's claim for unpaid wages preempted by Section 301 of the LMRA because claim "alleges a violation of a provision in the CBA").[12]

Moreover, courts analyzing similar "off-the-clock" straight-time pay claims under the nearly identical WPCL have also dismissed those claims as preempted by Section 301 of the LMRA. For example, in *Rosario II*, once plaintiffs sufficiently

---

[12] Defendants acknowledge that in *Snyder*, although the Court ruled that plaintiff's claim for breach of the collective bargaining agreement was preempted by Section 301 of the LMRA, the Court also ruled that plaintiff's NJWPL claim was not preempted. *See* 837 F. Supp. 2d at 444-49. However, plaintiff's NJWPL claim in *Snyder* was fundamentally different than Plaintiff's NJWPL claims in the instant case, which are actually analogous to the breach of the collective bargaining agreement claim in *Snyder* (which was preempted). Plaintiff's NJWPL claim in *Snyder*, contrary to the instant case, was based on alleged unauthorized deductions in violation of the NJWPL. The Court ruled that this claim was not preempted by Section 301 of the LMRA because the "right to be paid the wages earned, without deductions for unauthorized purposes, exists independently of the CBA…." *Id.* at 448. Here, the issue is not whether Defendants took unauthorized deductions from an amount of wages earned over which there is no dispute, but is instead over the amount of wages earned, due, or owed, in the first place, which does not exist independently of the CBA (*see id.* at 441-42).

pleaded the existence of a contract that allegedly entitled them to unpaid straight-time wages after their WPCL claims were dismissed in *Rosario I – i.e.* their collective bargaining agreement – the Court held that plaintiffs' WPCL claims were preempted as they "are substantially dependent upon interpretation of the CBA because the WPCL claims are based upon the express terms of the CBA."  247 F. Supp. 3d at 569.  The Third Circuit and other district courts within the Third Circuit have consistently ruled the same way.  *See, e.g. Wheeler v. Graco Trucking Corp.*, 985 F.2d 108, 112-13 (3d Cir. 1993) (plaintiff's WPCL claim "for wages allegedly due under the collective bargaining agreement was preempted" by Section 301 of the LMRA; *Hughes*, 2015 WL 1021312, at *4 (LMRA preempted plaintiffs' claims for unpaid wages under the WPCL because they "are squarely dependent upon the CBA," it is "abundantly clear that it is the terms of the CBA that form the basis of their claims," and the claims "are substantially based upon an interpretation of the CBA."); *Lynn v. Jefferson Health Sys.*, 2010 WL 3656634, at *1, 4-5 (E.D. Pa. Sept. 15, 2010) ("The contract between the parties governs in determining whether specific wages are earned.  Thus, it follows that when a CBA is the contract requiring interpretation, § 301 completely preempts a WPCL claim.").

Lastly, in order for Plaintiff to bring a lawsuit under Section 301 of the LMRA, she must "first attempt to exhaust any mandatory or exclusive grievance procedures provided in the [CBA.]"  *Snyder*, 837 F. Supp. 2d at 441.  As discussed

17

in Section II, *supra*, the CBA requires all alleged violations of or disputes arising out of the CBA be brought through the grievance and arbitration procedure.  (*See* Barth Decl. Exs. A, B.)  Here, Plaintiff's "failure to allege or otherwise demonstrate that [she] exhausted the grievance procedures mandated in the CBA precludes judicial relief for breach of the CBA," and requires dismissing Plaintiff's NJWPL claims with prejudice. *Id.*; *see also Vadino*, 903 F.2d at 266 (dismissing FLSA claim because it was preempted by Section 301 of the LMRA and plaintiff did not exhaust his remedies prior to bringing suit).

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant Defendants' Partial Motion to Dismiss, and dismiss Plaintiff's NJWPL claims (Counts V and VI of the Complaint) with prejudice, and grant Defendants such other relief as the Court deems just and proper.


Dated:  November 19, 2018

Respectfully submitted,
FISHER & PHILLIPS LLP

By:   *s/ Brian J. Gershengorn*
Brian J. Gershengorn
FISHER & PHILLIPS LLP
620 Eighth Avenue
36th Floor

18

New York, NY 10018
(212) 899-9960
bgershengorn@fisherphillips.com
*Attorneys for Defendants*